UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                      :

UNITED STATES OF AMERICA         :

                                     :

           - v. -            :                 20 Cr. 412 (AT)

                                     :

BRIAN KOLFAGE, *et al.*,        :

                                     :

                Defendants.      :

                                     :

------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO NON-PARTIES' MOTION TO MODIFY SEALED POST-
INDICTMENT RESTRAINING ORDER, OR FOR DISCLOSURE AND A HEARING**

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

Robert B. Sobelman
Nicolas Roos
Alison G. Moe
Assistant United States Attorneys
*- Of Counsel -*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

   A.   The Indictment ....................................................................................................... 1

   B.   The Post-Indictment Restraining Order ............................................................... 2

ARGUMENT ......................................................................................................................... 2

   I.   The Non-Parties Mischaracterize the Restraining Order .................................... 3

   II.   The Non-Parties Are Statutorily Barred From Intervening In This Criminal Case ........... 4

      A.   21 U.S.C. § 853(k) Bars The Non-Parties' Challenge To The Restraining Order ....... 4

      B.   Enforcing The Statutory Bar Raises No Due Process Concerns ................................. 7

   III.   The Non-Parties Similarly Are Precluded From Seeking Relief Under Federal Rule of Criminal Procedure 41(g) ............................................................ 9

   IV.   The Post-Indictment Restraining Order Was Properly Issued .......................... 11

   V.   The Non-Parties' Request for Unsealing and Production of the Application and Affidavit Should Be Denied .......................................................... 14

CONCLUSION .................................................................................................................... 16

**<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**

*Chaim v. United States*, 692 F. Supp. 2d 461 (D.N.J. 2010) ........................................................ 12
*De Almeida v. United States*, 459 F.3d 377 (2d Cir. 2006) ............................................... 5, 7, 11
*DSI Assocs. LLC v. United States*, 496 F.3d 175 (2d Cir. 2007) ............................................. 5, 6
*Honeycutt v. United States*, 137 S. Ct. 1626 (2017) ............................................................ 14, 15
*Kaley v. United States*, 571 U.S. 320 (2014) ....................................................................... 14, 15
*SEC v. Ahmed*, No. 3:15-CV-675 (JBA), 2018 WL 4266079 (D. Conn. Sept. 6, 2018)............. 18
*Sunrise Acad. v. United States*, 791 F. Supp. 2d 200 (D.D.C. 2011)......................................... 12
*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ..................................................... 17, 18
*United States v. Bissell*, 866 F.2d 1343 (11th Cir. 1989)........................................................... 14
*United States v. Bonventre*, 720 F.3d 126 (2d Cir. 2013)................................................... 10, 16
*United States v. Cosme*, 796 F.3d 226 (2d Cir. 2015) ............................................................... 10
*United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985)........................................................ 8, 9
*United States v. Datwani*, No. 00 Cr. 851, 2009 WL 961123 (D.P.R. Apr. 8, 2009)................... 7
*United States v. Egan*, No. 10 Cr. 191 (JFK), 2010 WL 3258085 (S.D.N.Y. Aug. 16, 2010)... 6, 8
*United States v. E-Gold, Ltd.*, 521 F.3d 411 (D.C. Cir. 2008)................................................... 14
*United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469 (5th Cir. 2007) (en banc) .. 14
*United States v. Kozeny*, No. 05 Cr. 518 (SAS), 2011 WL 1672473 (S.D.N.Y. Apr. 29, 2011).... 6
*United States v. Lazarenko*, 476 F.3d 642 (9th Cir. 2007) ......................................................... 9
*United States v. Lugo*, No. 08 Cr. 739 (SLT), 2012 WL 32452 (E.D.N.Y. Jan. 5, 2012) ...... 11, 12
*United States v. McHan*, 345 F.2d 262 (4th Cir. 2003) ............................................................... 6
*United States v. Monsanto*, 924 F. 2d 1186 (2d Circ. 1991) (en banc)............................ 10, 14, 16
*United States v. Nojay*, 224 F. Supp. 3d 208 (W.D.N.Y. 2016) ................................................. 19
*United States v. Park*, 619 F. Supp. 2d 89 (S.D.N.Y. 2009) .................................................... 18
*United States v. Peters*, 732 F.3d 93 (2d Cir. 2013) ................................................................... 7
*United States v. Rashid*, No. 17 Cr. 20465 (DPH), 2017 WL 4467501 (E.D. Mich. Oct. 6, 2017) ................................................................................................................................................ 8, 14
*United States v. Rogers*, No. 09 Cr. 441 (TWT) (AJB), 2010 WL 1872855 (N.D. Ga. Apr. 12, 2010) ...................................................................................................................................... 12
*United States v. Stein*, 541 F.3d 130 (2d Cir. 2008) ............................................................ 15, 16
*United States v. Valenti*, 987 F.2d 708 (11th Cir. 1993)............................................................ 17
*United States v. White*, No. 13 Cr. 436 (PWG), 2014 WL 3898378 (D. Md. Aug. 7, 2014) ....... 12

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the motion to modify a sealed post-indictment restraining order, or for disclosure and a hearing ("Mot."), filed by non-parties We Build the Wall, Inc. ("We Build the Wall"), and Kris Kobach (collectively, the "non-parties"). The non-parties' attempt to inject themselves into this proceeding is entirely without a legal basis and should be rejected.

## STATEMENT OF FACTS

### A.  The Indictment

On August 17, 2020, a grand jury sitting in this District returned a sealed Indictment charging defendants Brian Kolfage, Stephen Bannon, Andrew Badolato, and Timothy Shea with orchestrating a scheme to defraud hundreds of thousands of donors, including donors in the Southern District of New York, in connection with an online crowdfunding campaign ultimately known as "We Build the Wall" that raised more than $25,000,000 to build a wall along the southern border of the United States. (Dkt. No. 2 ¶ 1.) Specifically, the Indictment charges the defendants with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (*Id.* ¶¶ 27-29, 31-33.) As described in the Indictment, between December 2018 and August 2020, the defendants induced donors to contribute millions of dollars to the We Build the Wall campaign through material false and fraudulent statements about the use of the funds and how no money would go to Kolfage. (*Id.* ¶¶ 1-2, 8-25.)

The Indictment included forfeiture allegations that provided notice that, upon the conviction of one or more of the defendants, the Government intends to seek forfeiture of, among

other things, any and all funds contained in three bank accounts held in the name of We Build the Wall.  (*Id*. ¶¶ 34(a)-(c).)

On August 20, 2020, the Honorable Stewart D. Aaron, United States Magistrate Judge for the Southern District of New York, unsealed the Indictment.  (Dkt. No. 3.)

**B.  The Post-Indictment Restraining Order**

On August 24, 2020, the Government filed, *ex parte* and under seal, an application and affidavit in support of a post-indictment restraining order pursuant to 18 U.S.C. §§ 981, 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461.  More specifically, the application sought an order restraining, among other things, all funds in three bank accounts listed in the Indictment's forfeiture allegations, all of which were held in the name of We Build the Wall (the "Accounts").  The application and affidavit set forth, among other things, probable cause that any and all funds in the Accounts are forfeitable as (i) proceeds traceable to the wire fraud conspiracy charged in Count One of the Indictment and/or (ii) property involved in the charged money laundering offense charged in Count Two of the Indictment, and the legal authority justifying the restraint of such funds.  That same day, this Court issued the post-indictment restraining order (the "Restraining Order"), which it filed under seal.  Pursuant to the terms of the Restraining Order, the Government served the order upon the banks who maintain the Accounts.  The Government has produced copies of the Restraining Order in discovery and also provided a copy of the Restraining Order to Kobach (through Kobach's attorney), in light of Kobach's role as general counsel to We Build the Wall. Kobach, however, is not a signatory on the Accounts.

## ARGUMENT

The non-parties' attempt to challenge the Restraining Order—which is intended to safeguard funds that will be subject to forfeiture following a conviction in this case—should be

2

rejected.  As an initial matter, the non-parties mischaracterize the Restraining Order and exaggerate the restrictions placed upon their conduct by the Order.  Moreover, the motion should be denied on multiple independent grounds.  First, as non-parties, We Build the Wall and Kobach are statutorily barred from intervening in this criminal case.  Second, the non-parties' attempt to refashion Federal Rule of Criminal Procedure 41(g) into an alternative mechanism for intervention is similarly precluded by statute and case law.  Third, the substance of the non-parties' motion, which this Court need not address in light of the statutory bar to intervention, is entirely without merit.

## I.   The Non-Parties Mischaracterize the Restraining Order

The non-parties' description of the limitations placed on their conduct by the Restraining Order is inaccurate and exaggerated.  With respect to We Build the Wall, the Restraining Order only restricted the movement of funds out of three particular bank accounts held in the organization's name (defined above as the Accounts).  That is the only limitation the Restraining Order imposes with respect to We Build the Wall—a limitation that this Court already found supported by probable cause to believe that the funds in the Accounts as of August 24, 2020, constitute forfeitable crime proceeds.  The Restraining Order has no provision governing what the non-parties may do with respect to the "over 4,000 pieces of mail" potentially containing "additional donations" that We Build the Wall purportedly has received since the Restraining Order was issued.  (Mot. 2).  Indeed, the Restraining Order does not interfere in any way with the non-parties ability to continue to operate We Build the Wall, or to receive and use new, untainted donations to pay for legitimate expenses, including those which the non-parties apparently wish to pay.  (*See* Mot. 3, 11-12.)  The non-parties' attempt to mischaracterize the Restraining Order and exaggerate the restrictions placed upon their conduct should be disregarded.

3

## II. The Non-Parties Are Statutorily Barred From Intervening In This Criminal Case

Neither We Build the Wall nor Kobach are defendants in this criminal case, and therefore they are plainly barred by statute and controlling Second Circuit authority from intervening to challenge the Restraining Order issued by this Court. To the extent they have interests in the restrained Accounts, they will have ample opportunity to make a claim following the issuance of a preliminary order of forfeiture.

### A. 21 U.S.C. § 853(k) Bars The Non-Parties' Challenge To The Restraining Order

The criminal forfeiture proceedings in this case are governed by Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 (other than Section 853(d), which applies only in cases in which the defendant is convicted of a violation of the Controlled Substances Act). *See* 28 U.S.C. § 2461(c).

Section 853(k), entitled "bar on intervention," explicitly provides:

> Except as provided in subsection n of this section [*i.e.*, through ancillary proceedings], no party claiming an interest in property subject to forfeiture under this section may—
>
> (1) Intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this action.

21 U.S.C. § 853(k). Thus, under the plain language of subsection (1), no third party has standing to intervene in a criminal case (except by filing a third-party petition pursuant to Section 853(n)), and under subsection (2), no party may challenge the forfeiture or otherwise assert an interest in the property subject to forfeiture in any other forum, once the defendant has been indicted and notice of forfeiture given. Likewise, Rule 32.2(b)(2) provides that "whether a third party has such

4

an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Those unambiguous statutory provisions exist for good reason: allowing intervention by third parties would prematurely require the Court to make factual findings early in a criminal case and open the doors to endless claims by third parties on restrained funds.

Under Rule 32.2, once a criminal defendant is convicted of the offenses giving rise to the forfeiture allegations, either by trial or plea, the court must enter a preliminary order of forfeiture. The preliminary order divests the criminal defendant of any right to the property, and requires the Government to serve notice of its intent to finally forfeit the property on any potentially interested third parties. *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b). After the court enters a preliminary order of forfeiture, the court conducts a so-called "ancillary proceeding" in order to determine the interest of third parties in property that is subject to the order. *See* 21 U.S.C. § 853(n). It is well-settled that the ancillary proceeding, which begins *after* the entry of the preliminary order of forfeiture, is the exclusive forum in which third parties may assert an interest in property subject to forfeiture. *E.g.*, *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets – after the preliminary forfeiture order has been entered.");[1] *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) ("An ancillary proceeding is evidently the *only* avenue for a post-indictment third-party claim to forfeited property, because the statutory scheme bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this

---

[1] Unless otherwise indicated, all internal quotation marks and citations are omitted.

section.'" (quoting 21 U.S.C. § 853(k)) (alterations and emphasis in original)); *United States v. Egan*, No. 10 Cr. 191 (JFK), 2010 WL 3258085, at *2 (S.D.N.Y. Aug. 16, 2010) (in the context of challenge to restraining order, recognizing that "[t]he Court of Appeals has made clear that the exclusive avenue available to third parties wishing to assert their interest in property charged to be forfeitable is an 'ancillary proceeding' as set forth in § 853(n)").

Is it also well-settled that third parties are prohibited from intervening in a criminal case to assert an interest in property being forfeited prior to the court's entry of a preliminary order of forfeiture. *E.g.*, *DSI Assocs. LLC*, 496 F.3d at 183 ("It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited." (citing 21 U.S.C. § 853(k) and *United States v. McHan*, 345 F.2d 262, 269 (4th Cir. 2003))); *United States v. Kozeny*, No. 05 Cr. 518 (SAS), 2011 WL 1672473, at *3 (S.D.N.Y. Apr. 29, 2011) (in the context of challenge to post-indictment restraining order, recognizing that it is "well-settled that a third party is prohibited from intervening in a criminal case to assert an interest in property subject to forfeiture prior to the court's entry of a preliminary order of forfeiture").

Accordingly, it is clear that the non-parties are statutorily barred, pursuant to 21 U.S.C. § 853(k), from intervening in this criminal case to challenge the Restraining Order. We Build the Wall is not a defendant in this matter, and the fact that the Accounts are in the name of We Build the Wall does not permit its intervening now. *See, e.g.*, *United States v. Peters*, 732 F.3d 93, 103-04 (2d Cir. 2013) (forfeiture of corporate accounts permissible in prosecution of individuals where the individuals indirectly obtained the proceeds of his criminal conduct through the corporation); *De Almeida*, 459 F.3d at 381 (rejecting application by corporate holders of bank accounts seized by criminal forfeiture); *United States v. Datwani*, No. 00 Cr. 851, 2009 WL 961123, at *2-3

(D.P.R. Apr. 8, 2009) (investment corporation not allowed an early adjudication of underlying ownership of sequestered proceeds).  Additionally, Kobach is neither a defendant nor the owner of the Accounts, and therefore in this context is nothing more than an unsecured creditor with no property interest in the Accounts.[2]  While the non-parties engage in a strained and futile attempt to distinguish the applicable Second Circuit case law (*see* Mot. 18 n.5), it is telling that they have not identified a single case where a third party was permitted to challenge a restraining order issued pursuant to Section 853(e)(1)(A).

The statutory bar is a threshold inquiry that the non-parties' motion cannot survive, and their motion should be denied on that ground alone.  *See, e.g.*, *United States v. Rashid*, No. 17 Cr. 20465 (DPH), 2017 WL 4467501, at *3 (E.D. Mich. Oct. 6, 2017) (holding that under Section 853(k), a third party "has no right or ability to challenge the Application or the entry of the post-indictment restraining order requested by the Government"); *Egan*, 2010 WL 3258085, at *2 (rejecting as barred by Section 853(k) third-party's attempt to intervene in criminal case to challenge restraining order).

### B.  Enforcing The Statutory Bar Raises No Due Process Concerns

Enforcing the plain terms of Section 853(k) raises no due process concerns here.  The non-parties rely upon *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985), to argue that a lengthy

---

[2] The concerns about safeguarding funds are particularly acute here because Kobach has made clear, through his counsel, that he seeks release of the funds from We Build the Wall's accounts so that he may pay himself and his attorney who filed this motion.  This raises the question of whether counsel can provide conflict-free guidance to both We Build the Wall and an individual who hopes to spend its funds on himself.  Moreover, allowing Kobach to intervene now as a creditor in an effort to recover legal fees that are purportedly owed to him—or to enable him to seek indemnification to cover the cost of his counsel who made this motion—would unjustly privilege him over We Build the Wall's other creditors, including other employees, third-party creditors, and most importantly, the victims of the fraud.  (*See* Mot. 19, 22.)

pretrial restraint on property could implicate due process concerns (*see* Mot. 18-19), but that case is easily distinguishable and has never been adopted by any court within this Circuit.  In *Crozier*, the Ninth Circuit held that the lack of an opportunity to be heard in advance of trial regarding a pretrial restraining order would violate due process based on the specific facts of that case, which involved a case that had been pending for more than five years, with a pretrial restraining order issued years earlier, and where the defendants' trial and appeals could delay ancillary proceedings for several more years.  *Id.* at 1383-84.  Notably, no court in this Circuit appears to have adopted the Ninth Circuit's view—first articulated 35 years ago—that the interplay between Section 853(k) and an unusually lengthy pretrial restraint on property could raise due process concerns.  To the contrary, as discussed above, the Second Circuit repeatedly has emphasized that an ancillary proceeding is the only forum in which third parties may claim an interest in property subject to forfeiture.

In any event, there are no such concerns here.  The Restraining Order was issued on August 24, 2020.  The defendants are set for trial on May 24, 2021, less than seven months from now.  Upon the conviction of one or more defendants, a preliminary order of forfeiture would enter, then permitting the non-parties to challenge the forfeiture in an ancillary proceeding. Awaiting that opportunity for seven months is far short of the five-year delay that the Ninth Circuit has found could potentially raise due process concerns.  *See, e.g.*, *United States v. Lazarenko*, 476 F.3d 642, 651 (9th Cir. 2007) ("delay of sixteen months" "is not of such magnitude that it violates the Constitution because the period of delay differs from the period in *Crozier* by a matter of years").[3]

---

[3] To the extent the non-parties appear to urge this Court to apply Ninth Circuit case law, the Government notes that under Ninth Circuit precedent the non-parties' motion should be denied on at least two additional, independent grounds: that they lack prudential standing and their request

Moreover, the relief the non-parties seek is virtually identical to a hearing pursuant to *United States v. Monsanto*, which held that "a pre-trial adversary hearing is required where the question of attorney's fees is implicated."  924 F.2d 1186, 1191 (2d Circ. 1991) (en banc).  However, such a hearing can only be granted where a defendant—not a third party—needs the restrained assets to retain counsel of choice.[4]  *See United States v. Cosme*, 796 F.3d 226, 232 (2d Cir. 2015) (explaining that *Monsanto* hearing intends to "vindicate[] a defendant's Sixth Amendment right to counsel by testing in an adversary hearing whether seized assets are properly forfeitable in circumstances where the defendant has insufficient assets from which to fund his defense").  The only exception to this—that is, the strict statutory limitations placed on revisiting pretrial restraints and seizures of forfeitable property—in order to accommodate a hearing on constitutional grounds was made in the context of a defendant's right to counsel of choice.  *See id.*; *Monsanto*, 924 F.2d at 1203.  But the non-parties plainly are not defendants and therefore cannot qualify for such relief.

### III. The Non-Parties Similarly Are Precluded From Seeking Relief Under Federal Rule of Criminal Procedure 41(g)

Seeking an end-run around the clear prohibitions of Section 853(k), the non-parties ask this Court, in the alternative, to grant the unprecedented relief they seek under the catch-all provision of Rule 41(g) of the Federal Rules of Criminal Procedure.  (Mot. 20.)  This argument fares no better.

---

for relief is not yet ripe.  *See, e.g.*, *Lazarenko*, 476 F.3d at 651-53.

[4] Even if the non-parties were theoretically eligible for a *Monsanto* hearing, which they are not, they have nonetheless failed to satisfy the prerequisite for such a hearing: they have failed to establish by affidavit or other means that they have no assets, other than those seized, with which to retain counsel.  *See United States v. Bonventre*, 720 F.3d 126, 130-33 (2d Cir. 2013).

"A Rule 41(g) motion is an equitable remedy that is available only when there is no remedy at law and the equities favor the exercise of jurisdiction." *De Almeida*, 459 F.3d at 381. The Second Circuit has emphasized that, "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." *Id*. Accordingly, where a "claimant is afforded the opportunity to test the legality of the seizure in [a] forfeiture proceeding" pursuant to 21 U.S.C. § 853(n), *id.*, "the Second Circuit has implied" that "dismiss[ing] the 41(g) motion and relegat[ing] the claimant to his or her remedies under § 853(n)" is "sound practice," *United States v. Lugo*, No. 08 Cr. 739 (SLT), 2012 WL 32452, at *2 (E.D.N.Y. Jan. 5, 2012) (citing *De Almeida*, 459 F.3d at 382).

As discussed above, 21 U.S.C. § 853(k) bars non-parties from intervening in a criminal case involving the forfeiture of property under Section 853 except in the context of an ancillary proceeding pursuant to Section 853(n). This bar also applies to a non-party's motion under Rule 41(g) of the Federal Rules of Criminal Procedure. *United States v. White*, No. 13 Cr. 436 (PWG), 2014 WL 3898378, at *4 (D. Md. Aug. 7, 2014) ("Given that 21 U.S.C. § 853 prohibits any other action to recover property allegedly subject to forfeiture once a criminal case begins, a Rule 41(g) motion may only be brought to return seized property that is not [] alleged to be forfeitable in an indictment."); *Lugo*, 2012 WL 32452, at *2 ("Since Ms. Carter herself was not a party to the criminal case, subsection (k)(1) barred Ms. Carter from filing a Rule 41(g) motion on her on behalf in that case."); *Sunrise Acad. v. United States*, 791 F. Supp. 2d 200, 203 (D.D.C. 2011) (Rule 41(g)'s "general pronouncement" that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" "must give way to Rule 32.2(b)(2)(A)'s specific requirement that adjudication of any third-party claims to property be deferred until the entry of a preliminary forfeiture order"); *United States v.*

*Rogers*, No. 09 Cr. 441 (TWT) (AJB), 2010 WL 1872855, at *4 (N.D. Ga. Apr. 12, 2010) ("Mr. Stone cannot bring his Rule 41(g) motion for return of the firearms because § 853(k) precludes his action."); *Chaim v. United States*, 692 F. Supp. 2d 461, 471 (D.N.J. 2010) ("It is also clear that once there is an indictment with a forfeiture allegation, an innocent third party . . . cannot then *commence* a Rule 41(g) proceeding." (citing 21 U.S.C. § 853(k)).

The non-parties' alternative styling of their motion as a Rule 41(g) proceeding accords it no additional viability, and their attempt to avoid the plain import of Section 853(k) should be rejected. The shortcut they seek is precluded both by Section 853(k) and because they do have a remedy at law available to them, as provided by statute, to contest any preliminary order of forfeiture in the ancillary proceeding.

### IV. The Post-Indictment Restraining Order Was Properly Issued

Even if the non-parties could lawfully intervene in this action—which, as discussed in detail above, they cannot—their motion still fails on the merits. First, the non-parties appear to argue that the Government was not permitted to rely solely on the grand jury's determination of probable cause as to the charges in the Indictment and the forfeiture allegations set forth therein to support the issuance of a Restraining Order. (Mot. 16-17.) However, the Government did no such thing. As the Court is aware, and as referenced in the Restraining Order, the Government submitted an application and an affidavit setting forth facts establishing probable cause that the funds contained in Accounts, among other property, as listed in the Restraining Order, are subject to restraint and forfeiture as proceeds of the offenses charged in the Indictment. Upon this Court's review of the application and affidavit, this Court found that the Restraining Order was supported by probable cause. The non-parties identify no legal mechanism within the applicable statutory

11

scheme that would permit them to challenge this Court's probable cause determination at this point in the proceeding, and the Government is aware of no such authority.

Second, the non-parties argue that the Restraining Order is invalid because it was issued without notice or an opportunity to be heard. (Mot. 15.) But no such notice was required here. The provision pursuant to which the Restraining Order was issued, 21 U.S.C. § 853(e)(1)(A), affords no right to notice or a hearing prior to entry of the order. *See Monsanto*, 924 F.2d at 1193 ("notice and a hearing need not occur before an *ex parte* restraining order is entered pursuant to section 853(e)(1)(A)"); *see also United States v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008); *United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989); *Rashid*, 2017 WL 4467501, at *4 ("Pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter an *ex parte* restraining order . . . ."). Although other subsections of Section 853 do, under certain circumstances, require notice, *e.g.*, 21 U.S.C. § 21 U.S.C. § 853(e)(1)(B), those provisions by their plain terms do not apply to the facts of this case, and the non-parties have failed to explain—much less offer any legal support—for their sweeping assertion that all restraining orders under Section 853 require notice and an opportunity to be heard.

Neither *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), nor *Kaley v. United States*, 571 U.S. 320 (2014), are contrary to the foregoing authorities. (*See* Mot. 14-16.) In *Honeycutt*, the Supreme Court held that, under 21 U.S.C. § 853(a), a defendant may not be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire. 137 S. Ct. at 1630. That holding has no relevance to the non-parties' motion. In the course of pointing out that other provisions within Section 853 authorize only restraints and seizures of "property at issue [that] has the requisite connection to [the] crime," the

Court referenced in passing Section 853(e)(1)(B)'s "opportunity for a hearing" provision. *Id*. The non-parties imply this was some type of holding that modified the plain language of Section 853(e)(1)(A), the operative provision here. (Mot. 16.) There is nothing in *Honeycutt* to support such a reading, and the plain language of the statute is to the contrary. *Compare* 21 U.S.C. § 853(e)(1)(B) (providing for "notice to persons appearing to have an interest in the property and opportunity for a hearing") *with* 21 U.S.C. § 853(e)(1)(A) (no such provision).

In *Kaley*, the Supreme Court held that criminal defendants have no constitutional entitlement to a hearing to contest a grand jury's determination of probable cause to believe they committed the crimes charged in the context of challenging a pretrial restraint on their property. 571 U.S. at 322. That holding is entirely unhelpful to the non-parties' motion. Indeed, it is difficult to imagine that the law would preclude defendants from challenging probable cause in the context of a restraining order, but then permit a pretrial intervention by non-parties to assert a similar challenge.[5]

Third, the non-parties suggest that the Restraining Order was somehow overbroad. (Mot. 21.) They are wrong. As to the temporal scope, the Indictment alleges that the scheme continued up until the date that the charges were returned by the grand jury (Dkt. No. 2 ¶¶ 27, 31), meaning that there has been a probable cause determination that the charged wire fraud and money

---

[5] The non-parties also appear to suggest that they have a Sixth Amendment right to use the restrained funds to pay for counsel fees, their own salaries, and expenses not associated with this case. They have no such right. The Sixth Amendment right to counsel does not attach to non-parties to a criminal case. *See United States v. Stein*, 541 F.3d 130, 152 (2d Cir. 2008) ("The Sixth Amendment right of the accused to assistance of counsel in all criminal prosecutions is limited by its terms: it does not attach until a prosecution is commenced."). Any purported "deprivations" do not "ripen into cognizable Sixth Amendment deprivations [until after] indictment." *Id*. at 153. Moreover, as discussed above, only defendants in a criminal case may attempt to demonstrate entitlement to a *Monsanto* hearing. *See Bonventre*, 720 F.3d at 130-32.

13

laundering conspiracies continued well past the January 2020 time period that the non-parties assert to be the end of the charged scheme.  (*See* Mot. 21-22.)

As discussed above, the non-parties incorrectly imply that the Restraining Order imposes some restraint beyond its plain terms, which only restricts the movement of funds in the Accounts. (Mot. 21-22.)  However, the Restraining Order does not prohibit We Build the Wall from raising or spending other money it may have.  The non-parties complain that the Government (correctly) informed them that transacting in proceeds of wire fraud may itself be a crime, *see, e.g.*, 18 U.S.C. § 1957(a), and that the Government declined to express a view on whether transacting in funds raised after the unsealing of the Indictment would constitute a crime.  (Mot. 2.)  But those complaints are nothing more than a request for an advisory opinion from this Court blessing the use of certain unrestrained funds, and the non-parties have not cited any legal authority for seeking such an opinion.

**V.    The Non-Parties' Request for Unsealing and Production of the Application and Affidavit Should Be Denied**

Finally, the non-parties request that the application and affidavit submitted in support of the Restraining Order be unsealed or, in the alternative, provided to the non-parties.  (Mot. 23.) This request should be rejected.

Pursuant to the terms of the Restraining Order, the application and affidavit have been or will be provided shortly to all defendants—that is, the parties to this case—in the Government's production of discovery.  The non-parties, like any other third party, have no entitlement to those documents.  For good reason: as explained above, there is no legal mechanism for the non-parties to challenge this Court's probable cause determination and the issuance of the Restraining Order, and therefore the documents would have no utility to the non-parties.  Accordingly, the application and affidavit should remain sealed and should not be provided to the non-parties.

14

Although the Government has no objection to the Restraining Order itself being unsealed and placed on the public docket,[6] the application and affidavit were submitted and remain under seal for at least three reasons.  First, they contain non-public details of the Government's ongoing investigation, that, if disclosed publicly or to the non-parties could impair the Government's investigation.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citing *United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (affirming district court's refusal to unseal transcripts of *in camera* proceedings on the ground that it would damage continuing law enforcement investigations)).  Although the Indictment has been unsealed, it (1) did not make public the full scope and nature of the investigation, (2) did not reveal the identities of individuals and entities that may be implicated in the investigation aside from the four charged defendants, and (3) did not reveal details about the evidence collected in the investigation.  Continued sealing of the application and affidavit are necessary because revealing any of the foregoing categories of information would seriously jeopardize the ongoing investigation.  *See, e.g.*, *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009) (holding that the need to "maintain the secrecy of the Government's investigation" outweighed the public's right of access to certain sentencing documents).

Second, the proposed redactions are necessary to protect the privacy and identity of certain individuals and entities.  *See Amodeo*, 71 F.3d at 1050 ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *see, e.g.*, *SEC v. Ahmed*, No. 3:15-CV-675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing certain

---

[6] Upon the Court's unsealing of the Restraining Order, the Government respectfully requests that the Court direct the non-parties to publicly file their motion after redacting email addresses, phone numbers, and any other similar identifiers consistent with Rule 49.1 of the Federal Rules of Criminal Procedure.

documents based, in part, on privacy interests of a third party). There are references in the documents to uncharged individuals and/or entities. The indictment did not contain the names of any individuals or entities other than the charged defendants and one entity that they operated. The disclosure of additional individuals' and entities' names could invade the privacy interests of third parties.

Third, continued sealing of the application and affidavit is necessary to mitigate the risk of prejudicial pretrial publicity that may arise from the disclosure before trial of certain evidence gathered in the course of the investigation. *See United States v. Nojay*, 224 F. Supp. 3d 208 (W.D.N.Y. 2016) (describing "avoiding prejudicial pretrial publicity with respect to a codefendant" as one of the justifications for sealing parts of a record in a criminal case). The documents at issue describe facts that are not publicly known. The concern about prejudicial pretrial publicity is particularly significant in this case because the charges in the Indictment have received substantial coverage in the national media.

## CONCLUSION

For the foregoing reasons, the non-parties' motion should be denied.

Dated: New York, New York
October 27, 2020

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: *Robert B. Sobelman*

Robert B. Sobelman
Nicolas Roos
Alison G. Moe
Assistant United States Attorneys

16