THE LAW FIRM OF

# SPRINGER AND STEINBERG, P.C.

1600 BROADWAY - SUITE 1200
**DENVER, COLORADO 80202**

GRAND JUNCTION OFFICE:

101 SOUTH THIRD STREET - SUITE 265
GRAND JUNCTION, COLORADO 81501

TELEPHONE (303) 861-2800
FACSIMILE (303) 832-7116
TOLL-FREE (877) 473-6004
WWW.SPRINGERSTEINBERG.COM

HARVEY A. STEINBERG

December 4, 2020

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE: *United States v. Brian Kolfage, et al*., **20 Cr. 412(AT)**

Dear Judge Torres:

  I represent Defendant Brian Kolfage in the above-captioned matter and appear in this case *pro hac vice*. I write, on his behalf, respectfully to request that the Court enter an order authorizing disclosure to Mr. Kolfage and his co-defendants in this case of the motion of non-parties Kris Kobach and We Build the Wall, Inc. ("WBTW") to modify the post-indictment restraining order entered in this case or, alternatively, for disclosure and hearing with respect to same, together with any briefing on the motion currently under seal. Non-parties' motion is currently referenced and addressed in Docket Numbers 42, 43 and 52.

  As grounds for this request, I state as follows:

  Non-parties Kobach and WBTW (hereinafter, collectively "Non-Parties") have filed a motion under seal, presumably by letter dated October 29, 2020 (*see* Dkt. No. 51), to modify the post-indictment restraining order entered in this case. The motion was presumably filed under seal because this restraining order was, and remains, under seal.

  The Government filed a response in opposition to this motion in the public docket in this case on October 27, 2020 (Dkt. No. 42). On November 2, 2020, this Court directed Non-Parties Kobach and WBTW to file their reply to the Government's opposition on the public docket, which reply was publicly docketed on November 13, 2020 (Dkt. No. 52). The post-indictment restraining order itself apparently remains under seal, despite the Government's stated non-opposition to unsealing this order in its opposition papers (Dkt. No. 42 at 15).

  I and another attorney in my firm have reviewed the publicly filed submissions

The Honorable Analisa Torres
United States District Judge
December 4, 2020
Page 2

relative to Non-Parties' motion and, based on our review, and conversations with counsel for Mr. Kobach, it appears that the motion is an outgrowth of letter and email correspondence between Mr. Kobach's counsel and Government counsel over the course of September 22 through September 30, 2020 concerning Non-Parties' informal efforts at the time to secure Government permission, *inter alia*, to release funds under restraint in WBTW's bank accounts subject to the post-indictment restraining order for certain enumerated expenditures. One such expenditure concerned the payment of a $125,000 insurance retention amount that WBTW's insurance carrier has required in order cover the costs of Mr. Kolfage's defense of this case, including payment of his legal fees. As stated in a September 25, 2020 letter from Mr. Kobach's counsel to Government Counsel:

> … We Build the Wall has limited insurance that covers the defense costs of certain individuals. The insurance company has taken the position that Brian Kolfage is an insured person whose defense costs are covered by insurance, but only after We Build the Wall covers the "retention" amount of $125,000. Absent intervention by the government, We Build the Wall would pay all or a portion of Mr. Kolfage's defense costs up to that retention amount. In addition, because the insurance company is requiring payment of the retention amount prior to making any insurance payments, the government's position is not only preventing We Build the Wall from paying Mr. Kolfage's and We Build the Wall's counsel, but is also preventing Mr. Kolfage from obtaining insurance coverage for his defense costs. We therefore request that the government permit payment of these costs up to the retention amount.

I further understand and have reason to believe that Non-Parties' pending motion with this Court seeks, as one aspect of the relief sought, modification of the post-indictment restraining order so as to allow this $125,000 retention payment to be funded from the WBTW bank accounts subject to the restraining order.

Based on my and my firm's review of the publicly available briefing, I believe that Mr. Kolfage has standing to pursue this release of these specific funds for this particular purpose, as he has had a reasonable expectation from his employment relationship with WBTW that these funds would be available to him to mount his defense. His standing and interest in pursuing the release of these particular funds is of a constitutional dimension. *See, e.g. United States v. Stein*, 435 F. Supp. 2d 330, 335 (S.D.N.Y. 2006), *aff'd*, 541 F.3d 130, 155 (2d Cir. 2008). And, Mr. Kolfage would appear to have a right to challenge the continued restraint of these funds through an adversary hearing (if necessary), in any event, upon a minimal threshold showing that he does not have sufficient funds otherwise available to him to secure the counsel of his choice for his defense of this case. *See United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991)(*en banc*); *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013).[1]

---

1  I leave for another day the question of whether Mr. Kolfage's constitutional interest and entitlement to challenge the continued pre-trial restraint of employer funds that have been promised for his criminal defense hinges on a threshold showing of the sort required by *Monsanto* and its progeny. I contend that no such showing is required under *Stein*. This is an academic issue for the time being, I respectfully submit, however, given the limited purpose of this motion.

The Honorable Analisa Torres
United States District Judge
December 4, 2020
Page 3

    Given this, and given the substantial overlap in the legal and factual issues implicated by both Mr. Kolfage's and Non-Parties' interests in the WBTW funds currently under restraint, I wish to explore on Mr. Kolfage's behalf moving to join Non-Parties' motion and to request that the Court entertain consolidating its consideration of the pending motion with consideration of any contemplated request by Mr. Kolfage for similar relief.  The purpose of this letter-motion is limited to allowing me and Mr. Kolfage to review the entirety of the briefing on Non-Parties' motion and to explore this possibility.

    Mr. Kolfage, through counsel, has conferred with both counsel for Non-Party Kobach and Government counsel of record about the relief sought by this letter-motion.  Counsel for Mr. Kobach has advised that both Mr. Kobach and WBTW do not oppose this motion.  Likewise, Government counsel of record does not oppose the motion.

    I further request, on Mr. Kolfage's behalf, that the Court consider this request expeditiously.  I and my firm have been engaged by Mr. Kolfage on the supposition that his legal fees and other costs of defense would be satisfied by WBTW's insurance coverage of him and, to date, though we have expended substantial time and effort on Mr. Kolfage's behalf in this case, neither I nor my firm have been compensated for our work.  I and my firm wish to continue in our representation of Mr. Kolfage in this case. However, if the matter of insurance coverage is not resolved in the near future, we will be constrained to reconsider our position and to contemplate moving this Court for permission to withdraw from this case, something we eagerly wish to avoid doing.

                                                                    Respectfully Submitted,

                                                                    *s/Harvey A. Steinberg*
                                                                    Harvey A. Steinberg
                                                                    For the Firm

Cc:     All Counsel of Record