UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                         :

  UNITED STATES OF AMERICA     :

                  - v. -                          :          20 Cr. 412 (AT)

  BRIAN KOLFAGE, *et al.*,           :

                Defendants.      :

------------------------------------------------------x

 

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT BRIAN KOLFAGE'S MOTION TO MODIFY
POST-INDICTMENT RESTRAINING ORDER AND REQUEST FOR HEARING**

 

                                                  AUDREY STRAUSS
                                                  United States Attorney
                                                  Southern District of New York

Robert B. Sobelman
Nicolas Roos
Alison G. Moe
Assistant United States Attorneys
*- Of Counsel -*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 1

    A.    The Indictment................................................................................................... 1

    B.    The Post-Indictment Restraining Order............................................................ 2

    C.    We Build the Wall and Kris Kobach's Motion to Modify the Restraining Order........ 2

ARGUMENT ............................................................................................................................ 3

   I.    Kolfage's Challenge to the Restraining Order is Meritless ............................... 3

    A.    Applicable Law.................................................................................................. 3

    B.    *Stein* is Inapplicable to Crime Proceeds Subject to Forfeiture ..................................... 6

    C.    Kolfage Has Failed to Establish, as Required by *Monsanto*, That There Are No Sufficient Alternative, Unrestrained Assets to Fund His Counsel of Choice .............. 8

  II.    Any Subsequent Attempt to Demonstrate a Lack of Sufficient Alternative Assets Cannot Be Conducted *Ex Parte* ........................................................................ 10

CONCLUSION........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

*Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989) .......................................... 4
*Kaley v. United States*, 571 U.S. 320 (2014) ................................................................................ 5
*United States v. Abu-Jihaad*, 630 F.3d 102 (2d Cir. 2010) .......................................................... 10
*United States v. Bonventre*, 720 F.3d 126, 128 (2d Cir. 2013) ....................................... 5, 8, 9, 10
*United States v. Bonventre*, No. S2 10 Cr. 228 (LTS), 2011 WL 1197853 (S.D.N.Y. Mar. 30, 2011) ......................................................................................................................................... 7
*United States v. Daugerdas*, No. S3 09 Cr. 581 (WHP), 2012 WL 5835203 (S.D.N.Y. Nov. 7, 2012) ...................................................................................................................................... 8, 9
*United States v. Egan*, No. 10 Cr. 191 (JFK), 2010 WL 3000000 (S.D.N.Y. July 29, 2010) ........ 9
*United States v. Emor*, 794 F. Supp. 2d 143 (D.D.C. 2011) .......................................................... 7
*United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001) ................................................................. 6
*United States v. Fattah*, 858 F.3d 801 (3d Cir. 2017) .................................................................... 6
*United States v. Fisher*, 273 F. Supp. 3d 354 (W.D.N.Y. 2017) .................................................... 6
*United States v. Gordon*, 710 F.3d 1124 (10th Cir. 2013) ............................................................. 8
*United States v. Harris*, 707 F.2d 653 (2d Cir. 1983) .................................................................. 10
*United States v. Hilsen*, No. 03 Cr. 919 (RWS), 2004 WL 2284388 (S.D.N.Y. Oct. 12, 2004) .. 10
*United States v. Klimavicius-Viloria*, 144 F.3d 1249 (9th Cir. 1998) ......................................... 10
*United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796 (S.D.N.Y. Dec. 14, 2020) ................................................................................................................................. ….2, 3, 5, 9
*United States v. Lacey*, 378 F. Supp. 3d 814 (D. Ariz. 2019) ........................................................ 7
*United States v. Monsanto*, 491 U.S. 600 (1989) ...................................................................... 4, 8
*United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991) ..................................................... 3, 5, 6
*United States v. Perez*, 325 F.3d 115 (2d Cir. 2003) ..................................................................... 4
*United States v. Stein*, 435 F. Supp. 2d 330 (S.D.N.Y. 2006) ....................................................... 6
*United States v. Stein*, 541 F.3d 130 (2d Cir. 2008) .............................................................. 3, 6, 7
*Wheat v. United States*, 486 U.S. 153 (1988) ................................................................................ 4

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Brian Kolfage's motion to modify a post-indictment restraining order (Dkt. No. 77 ("Mot.")). Kolfage's attempt to challenge the post-indictment restraining order is meritless and should be rejected. Moreover, Kolfage's request to proceed *ex parte* to make the requisite showing regarding a lack of alternative assets has no basis in law and should be denied.

## STATEMENT OF FACTS

### A. The Indictment

On August 17, 2020, a grand jury sitting in this District returned a sealed Indictment charging defendants Brian Kolfage, Stephen Bannon, Andrew Badolato, and Timothy Shea with orchestrating a scheme to defraud hundreds of thousands of donors, including donors in the Southern District of New York, in connection with an online crowdfunding campaign ultimately known as "We Build the Wall" that raised more than $25,000,000 ostensibly to build a wall along the southern border of the United States. (Dkt. No. 2 ¶ 1.) Specifically, the Indictment charges the defendants with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (*Id.* ¶¶ 27-29, 31-33.) As described in the Indictment, between December 2018 and August 2020, the defendants induced donors to contribute millions of dollars to the We Build the Wall campaign through material false and fraudulent statements about the use of the funds and how no money would go to Kolfage. (*Id.* ¶¶ 1-2, 8-25.)

The Indictment included forfeiture allegations that provided notice that, upon the conviction of one or more of the defendants, the Government intends to seek forfeiture of, among

other things, any and all funds contained in three bank accounts held in the name of We Build the Wall. (*Id*. ¶¶ 34(a)-(c).)

On August 20, 2020, the Honorable Stewart D. Aaron, United States Magistrate Judge for the Southern District of New York, unsealed the Indictment. (Dkt. No. 3.)

### B. The Post-Indictment Restraining Order

On August 24, 2020, the Government filed, *ex parte* and under seal, an application and affidavit in support of a post-indictment restraining order pursuant to 18 U.S.C. §§ 981, 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461. More specifically, the application sought an order restraining, among other things, all funds in three bank accounts listed in the Indictment's forfeiture allegations, all of which were held in the name of We Build the Wall (the "Accounts"). The application and affidavit set forth, among other things, probable cause that any and all funds in the Accounts are forfeitable as (i) proceeds traceable to the wire fraud conspiracy charged in Count One of the Indictment and/or (ii) property involved in the charged money laundering offense charged in Count Two of the Indictment, and the legal authority justifying the restraint of such funds. That same day, this Court issued the post-indictment restraining order (the "Restraining Order"), which it filed under seal. Pursuant to the terms of the Restraining Order, the Government served the order upon the banks who maintain the Accounts.

### C. We Build the Wall and Kris Kobach's Motion to Modify the Restraining Order

On December 14, 2020, this Court denied a motion filed by non-parties We Build the Wall and Kris Kobach requesting to (i) intervene, and (ii) challenge the Restraining Order on the ground that it encompasses funds not subject to forfeiture, concluding that We Build the Wall and Kobach are statutorily barred from doing so. *United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796, at *6 (S.D.N.Y. Dec. 14, 2020). In the course of denying the motion, this Court

explained that "the Restraining Order does not prevent We Build the Wall from utilizing funds obtained after the Restraining Order issued," *id*. at * 10, such as the "over 4,000 pieces of mail" potentially containing "additional donations" that We Build the Wall purportedly had received between the issuance of the Restraining Order (Dkt. No. 67 at 2).

Also on December 14, 2020, this Court unsealed the Restraining Order and filed it on the public docket. (Dkt. No. 64.) The Government has produced copies of the application and affidavit, which remain under seal, to all defendants in the Government's production of discovery.

## ARGUMENT

Kolfage's attempt to challenge the Restraining Order—which is intended to safeguard funds that will be subject to forfeiture following a conviction in this case—should be rejected. First, Kolfage misstates the law that applies to the resolution of his motion. Specifically, his reliance on *United States v. Stein*, 541 F.3d 130 (2d Cir. 2008) is misplaced, as that decision is entirely inapposite, and the outcome of his motion is controlled by *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991) (en banc) and its progeny. Second, under *Monsanto*, Kolfage fails to make the requisite showing that both he and We Build the Wall do not have sufficient alternative assets to fund Kolfage's counsel of choice. For these reasons, Kolfage's motion should be denied.

Kolfage further argues that, if he later elects to attempt to make a showing regarding his and We Build the Wall's finances, he should be permitted to do so *ex parte*. This extraordinary request has no basis in law and should be rejected.

**I.  Kolfage's Challenge to the Restraining Order is Meritless**

    **A. Applicable Law**

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

3

Although this provision guarantees to a criminal defendant the right of access to counsel, the "Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988); *see also, e.g.*, *United States v. Perez*, 325 F.3d 115, 124-25 (2d Cir. 2003) (setting forth limitations on right to counsel of one's choice). Among other things, the Supreme Court has held, "[w]hatever the full extent of the Sixth Amendment's protection of one's right to retain counsel of his choosing, that protection does not go beyond the individual's right to spend his own money to obtain . . . counsel." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) (internal quotation marks omitted). That is, there is "no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice." *Id.*

Applying that basic principle, the Supreme Court has held in no uncertain terms that "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." *United States v. Monsanto*, 491 U.S. 600, 614 (1989). For similar reasons, restraining the assets in question pending adjudication of the forfeiture claims—to ensure that such assets are not dissipated over the course of the proceedings—raises no Fifth or Sixth Amendment concerns so long as there has been a finding of probable cause to believe the assets are forfeitable. *See id.* at 615. "[I]f the Government may, post-trial, forbid the use of forfeited assets to pay an attorney," the Supreme Court has explained, "then surely no constitutional violation occurs when, after probable cause is adequately established, the Government obtains an order barring a defendant from frustrating that end by dissipating his assets prior to trial." *Id.* at 616.

Following the Supreme Court's decision in *Monsanto*, the Second Circuit held that,

although the Government may obtain an *ex parte* pretrial order restraining potentially forfeitable assets, a criminal defendant may be entitled to "an adversary, post-restraint, pretrial hearing" to test the finding of probable cause. *United States v. Monsanto*, 924 F.2d 1186, 1203 (2d Cir. 1991) (en banc), *abrogated on other grounds by Kaley v. United States*, 571 U.S. 320 (2014); *see also Kolfage*, 2020 WL 7342796, at *10 (citing *Monsanto*, 924 F.2d at 1193-98). Specifically, the Second Circuit held that "the fifth and sixth amendments, considered in combination, require an adversary, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture, and (b) the properties specified as forfeitable in the indictment are properly forfeitable, to continue a restraint of assets (i) needed to retain counsel of choice and (ii) ordered *ex parte* . . . ." *Monsanto*, 924 F.2d at 1203. In *Kaley*, the Supreme Court clarified the scope of such a hearing, holding that a defendant is not entitled to challenge a grand jury's probable cause determination. 571 U.S. at 322.

A defendant is only entitled to a *Monsanto* hearing if the restraint of the defendant's assets "actually affects the defendant's right to choose counsel and present a defense." *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013). As a result, to warrant a *Monsanto* hearing, a defendant must "demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice." *Id*. at 128. "This requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." *Id.* at 131. Such a showing is necessary to procure a hearing concerning restrained funds because "the defendant's constitutional right to use his or her own funds to retain counsel of choice . . . is not implicated unless the restraint actually affects the defendant's right to choose counsel and present a defense." *Id*. "At the subsequent hearing, the government . . . bear[s] the relatively modest burden of demonstrating probable cause to believe

5

the assets are properly forfeitable." *Id.* If the Government succeeds in making that showing, there is no constitutional limitation on continuing the pretrial restraint—even if it effectively precludes the defendant from retaining (or continuing to retain) counsel of his or her choice. *See Monsanto*, 924 F.2d at 1196.

### B. *Stein* is Inapplicable to Crime Proceeds Subject to Forfeiture

In arguing that his inability to spend We Build the Wall's restrained funds constitutes a Sixth Amendment violation, Kolfage relies principally on *United States v. Stein*, 541 F.3d 130 (2d Cir. 2008). In *Stein*, the district court dismissed the indictment against several employees of an accounting firm because the government, in the course of a criminal investigation and prosecution, pressured the firm to limit and condition the payment of its employees' legal fees in order to prevent the Government from indicting the firm. *See United States v. Stein*, 435 F. Supp. 2d 330 (S.D.N.Y. 2006). Affirming that dismissal of the indictment, the Second Circuit held that "the Sixth Amendment protects against unjustified governmental interference with the right to defend oneself using whatever assets one has or might reasonably and lawfully obtain." *Stein*, 541 F.3d at 156. Despite that general pronouncement, in the fifteen years since *Stein*, courts have limited the decision to its facts and recognized that it "tested the outer limits of the Sixth Amendment's protection." *United States v. Fattah*, 858 F.3d 801, 809 (3d Cir. 2017); *see also United States v. Fisher*, 273 F. Supp. 3d 354, 362 (W.D.N.Y. 2017) ("since the Second Circuit decided *Stein* . . ., no court appears to have relied on the case to find a Sixth Amendment violation").

*Stein* does not apply to funds subject to forfeiture, such as We Build the Wall's funds subject to the Restraining Order. Indeed, as the Second Circuit noted in *Stein*, "'there is no Sixth Amendment right for a defendant to obtain counsel using tainted funds. . . .'" 541 F.3d at 155 (quoting *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001)). Unsurprisingly, every court

to consider the application of *Stein* to a forfeiture or a restraining order has concluded that the decision is inapposite because it concerned circumstances where there was no dispute that the funds being advanced for employees' legal expenses were not crime proceeds. *See, e.g.*, *United States v. Bonventre*, No. S2 10 Cr. 228 (LTS), 2011 WL 1197853, at *4 (S.D.N.Y. Mar. 30, 2011) (where "unlike in *Stein*, the Government alleges that the funds used or sought to be used to pay Defendants' attorneys constitute or are derived from proceeds traceable to the commission of the offenses charged. . . the Sixth Amendment would not be implicated because [it] 'does not prevent the government from reclaiming its property from a defendant'" (quoting *Stein*, 541 F.3d at 155)); *United States v. Lacey*, 378 F. Supp. 3d 814, 819-21 (D. Ariz. 2019) (distinguishing *Stein* because in that case the government "never alleged the funds were tainted" and the reasoning of the case "does not extend to lawfully seized funds"); *United States v. Emor*, 794 F. Supp. 2d 143, 147 (D.D.C. 2011) ("unlike the choice of the prosecutors in Stein to threaten KPMG and thus deter it from paying the legal fees of its employees, the pretrial restraint of likely forfeitable assets is legally and factually justified by goals unrelated to any desire by the government to interfere with the payment of the legal fees of criminal defendants"). Rather, because the funds in question have been restrained based on a probable cause finding that they are tainted, Kolfage's request to access them and vacate the Restraining Order is plainly governed by *Monsanto*. *Cf. Bonventre*, 2011 WL 1197853, at *6 (because *Stein* was inapplicable, proper remedy for the defendant would be a *Monsanto* motion in the pending civil forfeiture proceeding).

Moreover, beyond the fact that *Stein* is generally inapplicable to funds subject to forfeiture, none of the facts relevant to the holding in *Stein* are present here. There is no allegation in Kolfage's motion that the Government discouraged We Build the Wall from paying for his counsel. We Build the Wall is entirely free to use any funds not in the three restrained bank

7

accounts identified in the Restraining Order. Nor has Kolfage alleged that We Build the Wall has been pressured in any way to interfere with Kolfage's choice of attorneys.

Accordingly, *Stein* is not relevant to whether Kolfage may access restrained funds in certain We Build the Wall bank accounts.[1] That question is governed by *Monsanto* and its progeny. For the reasons set forth below, Kolfage has failed to make the requisite showing to obtain relief under *Monsanto*.

### C. Kolfage Has Failed to Establish, as Required by *Monsanto*, That There Are No Sufficient Alternative, Unrestrained Assets to Fund His Counsel of Choice

Where, as here, the Government obtains an order, based on a probable cause showing, forbidding the use of forfeitable assets to, among other things, pay an attorney, "no constitutional violation occurs." *Monsanto*, 491 U.S. at 616. As noted above, to obtain a pretrial hearing to test the Government's probable cause showing, Kolfage must "demonstrate that he . . . does not have sufficient alternative assets to fund [his] counsel of choice." *Bonventre*, 720 F.3d at 131. This "threshold showing" requires more than a conclusory affidavit or "mere recitation," but rather requires an "evidentiary showing." *Id.* at 131; *see also, e.g.*, *id.* at 133 (affirming denial of request for *Monsanto* hearing because defendant "did not disclose his net worth, provide a comprehensive list of his assets, or explain how he has been paying his significant living expenses"); *United States v. Daugerdas*, No. S3 09 Cr. 581 (WHP), 2012 WL 5835203, at *2 (S.D.N.Y. Nov. 7, 2012) (denying request for *Monsanto* hearing because defendant's "motion is bereft of any sworn declaration that he lacks the financial resources to hire counsel"); *United States v. Egan*,

---

[1] Even if *Stein* were somehow applicable to Kolfage's motion, he would still be required to demonstrate that "he was denied access to funds to pay for his defense in [a] substantial sense" and that he suffers from "a magnitude of financial deprivation" like "that experienced by the *Stein* defendants." *United States v. Gordon*, 710 F.3d 1124, 1138 (10th Cir. 2013).

8

No. 10 Cr. 191 (JFK), 2010 WL 3000000, at *6 (S.D.N.Y. July 29, 2010) ("Because Defendant has not submitted any evidence that suggests that the restrained assets are necessary to retain his counsel of choice, his request for a *Monsanto* hearing is denied.").

Kolfage has failed to make a showing that he does not have sufficient alternative assets to fund his counsel of choice. Kolfage asserts, without providing any evidence or details, that "it would be a substantial hardship on me to secure other able and effective counsel in the case." (Kolfage Decl. (Dkt. No. 77-1) ¶ 5.) This is plainly inadequate, *see Bonventre*, 720 F.3d at 133; *Daugerdas*, 2012 WL 5835203, at *2; *Egan*, 2010 WL 3000000, at *6, as Kolfage appears to recognize (*see* Mot. 7 ("if this Court determines that Brian must make the threshold showing under *Bonventre*, he is prepared to submit an affidavit")).

Moreover, Kolfage has also failed to make this threshold showing with respect to We Build the Wall, which is the organization whose restrained funds he seeks to use to pay for his counsel fees. Kolfage asserts, without providing any evidence or details, that We Build the Wall "cannot make the $125,000 insurance retention payment . . . or any part of it." (Mot. 3; *see also* Kolfage Decl. ¶ 4 ("I understand that any funds available to [We Build the Wall] to cover the requisite amount are currently subject to the Court's post-indictment restraining order").) This bare, conclusory assertion is insufficient. This is especially so because, as this Court has recognized, "the Restraining Order does not prevent We Build the Wall from utilizing funds obtained after the Restraining Order issued." *Kolfage*, 2020 WL 7342796, at *10. Kolfage makes no reference this "additional source of funding," *id*., which the organization previously described on December 15, 2020, as consisting of "over 4,000 pieces of mail" potentially containing "additional donations" that We Build the Wall purportedly had received between the issuance of the Restraining Order.

9

(Dkt. No. 67 at 2). To the extent We Build the Wall has untainted funds with which Kolfage may obtain to fund his counsel of choice, he may not instead challenge the Restraining Order.

Accordingly, Kolfage has failed to meet his burden, and his motion should be denied.

### II. Any Subsequent Attempt to Demonstrate a Lack of Sufficient Alternative Assets Cannot Be Conducted *Ex Parte*

Kolfage requests, without citation to any authority, that he be permitted to submit an affidavit "ex parte . . . to show that he lacks sufficient alternative, unrestrained assets to fund counsel of choice." (Mot. 7.) The request for his submission to be made *ex parte* in the course of this adversarial *Monsanto* proceeding is baseless and should be denied.

"'[E]x parte hearings are generally disfavored.'" *United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010) (quoting *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998)). In the analogous context of establishing eligibility for court-appointed counsel, the Second Circuit has rejected the notion that defendants are entitled to *ex parte* proceedings for appointment of counsel, explaining that "our legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte hearings are manifestly conceptually incompatible with our system of criminal jurisprudence." *United States v. Harris*, 707 F.2d 653, 662 (2d Cir. 1983) (internal quotation mark omitted); *see also United States v. Hilsen*, No. 03 Cr. 919 (RWS), 2004 WL 2284388, at *8-11 (S.D.N.Y. Oct. 12, 2004).

Kolfage makes no attempt to explain why an *ex parte* submission would be necessary, much less lawful. (*See* Mot. 7.) Indeed, the Government is aware of no case in which it was not permitted to discover the basis for and, if appropriate, to challenge a defendant's claim that he lacks sufficient alternative, unrestrained assets to fund counsel of choice. In *Bonventre*, for example, the Government was afforded the opportunity to review—and successfully challenged— the sufficiency of the defendant's evidence. 720 F.3d at 132-33. This opportunity is especially

important in this case, where the defendant has been charged with fraud and money laundering offenses. The Court and the interests of justice will not be well served by permitting Kolfage to hide from the Government's view evidence of his or We Build the Wall's purported lack of assets, or by denying the Government an opportunity to respond to any such evidence.[2]

## CONCLUSION

For the foregoing reasons, Kolfage's motion should be denied.

Dated: New York, New York
February 18, 2021

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: *Robert B. Sobelman*

Robert B. Sobelman
Nicolas Roos
Alison G. Moe
Assistant United States Attorneys

---

[2] To the extent Kolfage may be concerned about keeping his financial circumstances private, he may, if appropriate, redact certain publicly filed information pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure and/or seek permission to file under seal.