

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Brian Kolfage*, 20 Cr. 412 (AT)

Dear Judge Torres:

      The Government respectfully submits this sur-reply in response to defendant Brian Kolfage's reply memorandum filed on March 4, 2021 (Dkt. No. 91 ("Def. Reply")) with the Court's permission (Dkt. No. 94) and to address two new arguments advanced for the first time in that reply brief. As detailed herein, both are meritless.

      First, the defendant asserts that the Government "does not actually dispute [the defendant's] argument that the assets [We Build the Wall] received after it announced he would receive a salary [in January 2020] are not subject to forfeiture," because the Government's opposition did "not proffer a single theory, explanation, or argument to show there is probable cause that those assets are traceable to a criminal offense." (Def. Reply 3.) The defendant is wrong and his argument is misguided. As an initial matter, the grand jury's Indictment "conclusively determines the existence of probable cause" to believe that Kolfage and his co-defendants' criminal scheme extended well past January 2020, because the Indictment alleges the scheme was perpetrated up to the date that the Indictment was returned in August 2020. *Kaley v. United States*, 571 U.S. 320, 328 (2014). Additionally, in entering the Restraining Order, this Court already found probable cause to believe that the funds that are currently restrained, including those raised by We Build the Wall up to the date the Indictment was unsealed, are forfeitable. *See United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796, at *1 (S.D.N.Y. Dec. 14, 2020) ("The Court found probable cause to grant the Restraining Order"). As such, "there is little value to an additional hearing" because "this Court has already concluded that the Government demonstrated probable cause," *id*. at *10, and unless and until the Court determines that Kolfage has established that he is entitled to an opportunity to revisit the Court's determination, the Government has no additional burden in this regard.

      Second, the defendant argues that if the Court rejects the defendant's request to file an affidavit concerning his financial condition on an *ex parte* basis, it should "preclude the government from being able to use, directly or derivatively, any statements in the affidavit against [the defendant]." (Def. Reply 6.) The defendant's request is overbroad and should be rejected. In

analogous circumstances, courts in this Circuit, at most, only preclude the Government from using such an affidavit against the defendant in its case-in-chief on the pending charges. "The Court of Appeals for the Second Circuit . . . has expressly endorsed" this procedure, "articulating the importance of adversarial proceedings and emphasizing the view that constraints on the subsequent use of a defendant's testimony submitted in support of an application for appointed counsel will strike an appropriate balance between a defendant's Fifth and Sixth Amendment rights where those rights are arguably in conflict." *United States v. Hilsen*, No. 03 Cr. 919 (RWS), 2004 WL 2284388, at *4 (S.D.N.Y. Oct. 12, 2004); *see also id.* at *5 (relying on *United States v. Harris*, 707 F.2d 653 (2d Cir. 1983)).

In *Harris*, the district court terminated appointed counsel after refusing to permit the defendant to submit evidence to support his CJA 23 Form and supporting affidavit *ex parte* and under seal. 707 F.2d at 654-55. On appeal, the defendant argued that the procedures employed in the district court "unconstitutionally jeopardized his right against self-incrimination." *Id.* at 659. The Court of Appeals rejected this argument, observing that the Criminal Justice Act does not provide for *ex parte* proceedings for appointment of counsel, though it does for applications for other services, and that "our legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte hearings are manifestly conceptually incompatible with our system of criminal jurisprudence." *Id.* at 662. That court concluded that the defendant's "claim of fifth amendment violation by use of his testimony at a later time is speculative," and that the defendant may be protected by precluding the government from offering statements contained in the affidavit in its case-in-chief. *Id.* at 662-63.

Following *Harris*, the district court in *Hilsen* was presented with essentially the same arguments the defendant raises here—*i.e*., that, because of the nature of the charges against him, and the resulting possibility of use or derivative use of the affidavit in the case against him, those materials must be submitted *ex parte* and under seal "to preserve his Fifth Amendment privilege against self-incrimination." 2004 WL 2284388, at *1, *10. The *Hilsen* court, after reviewing *Harris* and prior Circuit precedent, as well as other district court cases within the Second Circuit, explained that under the law in the Second Circuit, the defendant's Fifth Amendment interests were properly protected by exclusion of evidence in the government's case-in-chief, even where the defendant asserted that "the facts to be set forth in the CJA 23 are directly related, if not identical, to the facts the government must establish at trial."[1] *Id.* at *1, *10-11. The court concluded that, "even if the principles set forth in *Harris* favoring adversarial proceedings did not weigh heavily against adopting an *ex parte* approach such as that accepted in other circuits, [the defendant] has not made a sufficient showing as to why such an approach would be appropriate here given the speculative nature of his claim and the presumption of openness in criminal proceedings." *Id.* at *10; *see also id*. ("Nor does [the defendant's] mere speculation that the

---

[1] The prohibition against use of the defendant's statements in the affidavit in the Government's case-in-chief would not, however, extend to potential perjury charges for false statements made in those materials or preclude the Government from using those materials as an investigative lead (though, as explained below, that is unlikely to occur here). *Harris*, 707 F.2d at 658; *Hilsen*, 2004 WL 2284388, at *11. Nor would it extend to use in cross-examination should the defendant choose to testify and open the door to the use of statements made in the affidavit. *See Harris*, 707 F.2d at 662; *Hilsen*, 2004 WL 2284388, at *11.

government may be able to develop leads from information contained in his CJA 23 Form justify the invocation of an *ex parte* approach.").

The defendant's argument here (*see* Def. Reply Mot. 6) appears to acknowledge that the Government has conducted a thorough financial investigation of the defendant and already has access to significant information about his finances relevant to the charged conduct, which, if anything, weighs against allowing an *ex parte* filing. Moreover, as in *Hilsen*, the defendant offers nothing but speculation to support the inference that the Government might seek to use information contained in the affidavit regarding the defendant's current financial status in its case-in-chief against him at a trial regarding a fraud that has already been thoroughly investigated and that took place in 2018-2020.

For the foregoing reasons and those set forth in the Government's opposition (Dkt. No. 80), the defendant's motion should be denied.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney

By: *Robert B. Sobelman*

    Nicolas Roos
    Alison G. Moe
    Robert B. Sobelman
    (212) 637-2421/2225/2616

Cc:    Harvey A. Steinberg, Esq. (by ECF)