20-4274
United States of America v. We Build the Wall, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand twenty one.

Present:  ROSEMARY S. POOLER,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
          LEWIS A. KAPLAN,
                    *District Judge*.[1]

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                      20-4274-cr

WE BUILD THE WALL, INC.,

        *Interested Party-Appellant*.[2]

_____

Appearing for Appellant:    Justin S. Weddle, Weddle Law PLLC (Julia I. Catania, *on the brief*), New York, N.Y.

Appearing for Appellee:    Robert B. Sobelman, Assistant United States Attorney (Alison Moe, Nicolas Roos, Anna M. Skotko, Assistant United States

---

[1] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as set forth above.

Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED**.

Interested-Party-Appellant We Build the Wall, Inc. ("WBTW") appeals from the December 14, 2020 order of the United States District Court for the Southern District of New York (Torres, *J.*) denying its motion to modify the government's restraining order against its bank accounts or for a hearing on the subject. On August 20, 2020, the government unsealed an indictment charging several individuals with a scheme to defraud through an online fundraising campaign for WBTW, allegedly a private organization dedicated to building a wall on the border between the United States and Mexico. On August 24, 2020, the district court found probable cause existed for forfeiture of the funds in certain WBTW bank accounts and issued a sealed order restraining the funds. WBTW seeks a vacatur of the restraint or, in the alternative, an opportunity to contest the order in a pre-trial hearing below. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

WBTW states that we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). The government argues that the appeal is neither from a final order nor from the denial of a request to modify an injunction, and, therefore, it is not reviewable under either statute. We agree with the government.

Section 1292(a)(1) permits an appeal as of right from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions[.]" "Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we . . . construe[] the statute narrowly[.]" *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). In accordance with this instruction, we have held that this statute is limited to traditional orders in equity and those orders, issued pursuant to statutory authority, that have "the practical effect of a preliminary injunction . . . [and that] the appealing party demonstrates [pose] serious, perhaps irreparable consequences." *Korea Shipping Corp. v. New York Shipping Ass'n*, 811 F.2d 124, 126 (2d Cir. 1987) (internal quotation marks omitted). In this case, the funds were restrained pursuant to the statutory authority provided to the district court by the interaction of 18 U.S.C. § 981(c), 21 U.S.C § 853(e), and 28 U.S.C. § 2461(c).

WBTW argues that its appeal falls within that category of injunction-like orders that are appealable under § 1292(a)(1) when the preliminary relief "effectively shuts down an ongoing business." *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 901 (2d Cir.1992). However, WBTW acknowledges that it has continued to receive funds after the restraining order was issued, and the government does not contest its right to use these funds. Furthermore, WBTW remains able to transact certain business, as it has paid to lift a temporary administrative dissolution in Florida. WBTW cannot show that the restraining order has

effectively shut down the business. Accordingly, the restraining order is not appealable as an injunction under 28 U.S.C. § 1292(a)(1).

Alternatively, WBTW argues that we have jurisdiction under Section 1291, as the restraint is an appealable collateral order. In the ordinary course of a criminal case, we do not review "decisions made before sentencing is complete and a judgment of conviction has been entered." *United States v. Robinson*, 473 F.3d 487, 490 (2d Cir. 2007). In *United States v. Aliotta*, we set out a three-part test for appellate review of a collateral order: "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." 199 F.3d 78, 82 (2d Cir. 1999).

WBTW cannot satisfy the *Aliotta* test. First, the restraint does not conclusively determine anything about the disputed funds, as there will be post-conviction proceedings to assess legal claims to the funds. *See* 21 U.S.C. § 853(n). Second, although WBTW argues that its position is not relevant to the merits of the case, as the government notes, WBTW objects to the government's categorization of certain funds as crime proceeds and the government's definition of the criminal scheme. To prove its entitlement to restraint, the government would be required to litigate the underlying fraud allegations in the indictment to justify its position that the funds in the accounts are the proceeds of a crime. Finally, WBTW will have the opportunity to litigate the forfeiture at the conclusion of the case, when it may challenge both the forfeitability of the property, *see United States v. Daugerdas*, 892 F.3d 545, 558 (2d Cir. 2018), and the superiority of the government's claim to the property, *see* 21 U.S.C. § 853(n)(6). WBTW can then appeal from any final order.

We have considered WBTW's remaining arguments and conclude that they fail to establish jurisdiction over this appeal. Accordingly, WBTW's appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3