USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :   CONSENT PRELIMINARY ORDER
            - v. -                                                 :   OF FORFEITURE AS TO SPECIFIC
                                                                   :   PROPERTY/
BRIAN KOLFAGE,                                                     :   MONEY JUDGMENT
                                                                   :
            Defendant.                                             :   20 Cr. 412 (AT)
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 17, 2020, BRIAN KOLFAGE (the "Defendant"), among others, was charged in an Indictment, 20 Cr. 412 (AT) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and, *inter alia*, the following specific property: any and all funds contained in Capital One account number 3027095806, held in the name of WeBuildtheWall, Inc. (the "Capital One Account");

WHEREAS, on or about   April 21, 2022  , the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and

agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $17,872,106 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title and interest of the defendant in the following specific property: $1,371,418 contained in the Capital One Account (the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $17,872,106 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Andrew Badolato and Timothy Shea (the "Co-defendants"), to the extent forfeiture money judgments are entered against the Co-defendants in this case; and

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, WeBuildTheWall, Inc., the account holder for the Capital One Account, also consents to the forfeiture of the Specific Property, and shall not file a third party petition in this case or make any other claim with respect to the Specific Property;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

WHEREAS, WeBuildTheWall, Inc. agrees to file, within one business day of the entry of this Order, a stipulation or motion to dismiss its pending petition in the United States Supreme Court for a writ of certiorari in *WeBuildTheWall, Inc. v. United States*, No. 21-759, which WeBuildTheWall, Inc. filed on November 18, 2021; and

WHEREAS, the Government agrees, within one business day of the United States Supreme Court's dismissal of WeBuildTheWall, Inc.'s pending petition for a writ of certiorari in *WeBuildTheWall, Inc. v. United States*, No. 21-759, to direct the release of all assets restrained under the Post-Indictment Restraining Order issued on August 24, 2020 (Dkt. No. 64 (the "PIRO")), except for the Specific Property, to wit, $1,371,418 contained in Capital One Account;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Alison Moe, Nicolas Roos, and Robert B. Sobelman, of counsel, and the Defendant, and his counsel, César de Castro, Esq. and David DeStefano, Esq., and WeBuildTheWall, Inc., by its counsel Justin Weddle, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $17,872,106 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the

Defendant is jointly and severally liable with Co-defendants, to the extent a forfeiture money judgment is entered against the Co-defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. WeBuildTheWall, Inc consents to the forfeiture of the Specific Property, waives any notice requirements pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure and will not file a petition asserting an interest in the ancillary proceeding in this case, or otherwise assert any claim to the Specific Property.

4. WeBuildTheWall, Inc. agrees to file, within one business day of the entry of this Order, a stipulation or motion to dismiss its pending petition in the United States Supreme Court for a writ of certiorari in *WeBuildTheWall, Inc. v. United States*, No. 21-759, which WeBuildTheWall, Inc. filed on November 18, 2021.

5. The Government agrees, within one business day of the United States Supreme Court's dismissal of WeBuildTheWall, Inc.'s pending petition for a writ of certiorari in *WeBuildTheWall, Inc. v. United States*, No. 21-759, to direct the release of all assets restrained under the PIRO, except for the Specific Property, to wit, $1,371,418 contained in Capital One Account.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, BRIAN KOLFAGE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

7.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

8.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

9.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

10.   Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

11.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property,

(ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

12. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant withstanding to contest the forfeiture in the ancillary proceeding.

13. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

14. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

17. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*  3/31/2022
Alison Moe
Nicolas Roos
Robert B. Sobelman
Assistant United States Attorneys

BRIAN KOLFAGE

By: *Brian Kolfage*  3-31-22
Brian Kolfage

By: *[signature]*  3-31-22
César de Castro, Esq.
David DeStefano, Esq.
Attorneys for Defendant

WEBUILDTHEWALL, INC.

By: *Justin S. Weddle*  3-31-2022
Justin Weddle, Esq.
Attorney for WeBuildTheWall, Inc.

SO ORDERED:

*[signature]*  April 22, 2022

HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE