UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN KOLFAGE,<br><br>Defendant. | 20 Cr. 412 (AT) |
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN KOLFAGE,<br><br>Defendant. | 22 Cr. 201 (AT) |

## MOTION TO REDUCE TERM OF IMPRISONMENT TO TIME SERVED

**COMES NOW** the United States of America, by the Director of the Federal Bureau of Prisons (the "BOP"), and through Assistant United States Attorneys Nicolas Roos and Robert B. Sobelman, and respectfully moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to modify defendant Brian Kolfage's term of imprisonment to time served. In support hereof, the United States and the Director of the BOP state as follows:

1.      On April 21, 2022, the defendant pled guilty to Count One of Indictment 20 Cr. 412 (AT), which charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and Counts One, Two, and Three of Indictment 22 Cr. 2021 (AT), which charged the defendant with one count of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of making false statements on tax returns, in violation of 26 U.S.C. § 7206(1).

2.      On April 26, 2023, the defendant was sentenced to 51 months' imprisonment, to be followed by a term of three years of supervised release.

3.      The defendant began serving his sentence on July 25, 2023.

4.      The defendant's current projected custody release date is June 19, 2026, and he will be eligible for transfer to pre-release custody on August 5, 2025.

5.      The defendant is a triple amputee who suffered the loss of both legs, his right hand, and part of his right forearm. He is currently housed at the Federal Medical Center in Rochester, Minnesota. Although the BOP has endeavored to provide the best care available with its current resources, it has been difficult, at times, for the BOP to provide a fully adaptive environment for

the defendant and the defendant's incarceration is having measurable, negative physical effects on the defendant.

6.    Since the defendant began serving his sentence on July 25, 2023, his physical and medical condition has significantly deteriorated, as described, in part, as follows:



7.    If this motion is granted, the defendant will reside at his residence, which was specifically built to accommodate his needs, in Miramar Beach, Florida.  The United States Probation Office for the Northern District of Florida has approved the release plan.

8.    Pursuant to 18 U.S.C. § 3852(c)(1)(A)(i), the Court, upon motion of the Director of the Bureau of Prisons, may modify a term of imprisonment upon the finding that "extraordinary and compelling reasons" exist to warrant a reduction.  The defendant's materially worsened physical and medical condition, unique disabilities, and poor prognosis if he should remain in custody constitute "extraordinary and compelling reasons" warranting the requested reduction.

---

[1] Out of an abundance of caution, the Government has redacted in the initial public version of this filing paragraphs 6.a through 6.c in light of the defendant's privacy interests in his medical information, but the Government is prepared to publicly file an unredacted version at the Court's direction.  *See, e.g.*, *United States v. Bush*, No. 17 Cr. 611 (AT), 2021 WL 3097417, at *2 n.2 (S.D.N.Y. July 21, 2021) (in ruling on compassionate release motion, the Court ordered that medical records be filed under seal but did not redact the Court's order addressing the movant's medical history).

*See* U.S.S.G. § 1B1.13(b)(1)(B)(i) ("Extraordinary and compelling reasons exist" where the defendant is "suffering from a serious physical or medical condition."). In deciding whether a sentence reduction is appropriate, Section 3582(c)(1)(A)(i) contemplates judicial consideration of the 3553(a) factors, to the extent they are applicable. Here, although those factors fully support the substantial sentence originally imposed, in the current context of the defendant's physical and medical condition and his poor prognosis should he remain in custody, compassionate release is appropriate at this time.

9.       The BOP therefore brings this motion for compassionate release, which seeks a reduction in the defendant's sentence to time served, to be followed by three years of supervised release, with an additional special condition that the first 13 months—that is, the equivalent of the remaining period of custody that the defendant has yet to serve—be served on home confinement. Because the defendant qualifies under the limited circumstances that authorize such a motion, as his physical and medical condition has materially worsened during his time in custody, and because the BOP is unable to provide a fully adaptive environment for the defendant and it is having measurable, negative physical effects on the defendant, and because of the relatively limited potential danger to the community of his release, the United States Attorney's Office for the Southern District of New York does not object to the BOP's motion.

10.       The defendant's counsel consents to this motion and waives the defendant's presence and the need for any court appearance.

11.       A proposed order is attached hereto for the Court's consideration.

**WHEREFORE**, it is respectfully requested that the Court reduce the term of imprisonment to the time the defendant has now served. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court, upon motion of the Director of the BOP, may modify a term of imprisonment upon the finding that "extraordinary and compelling reasons" exist to warrant a reduction. The defendant's materially worsened physical and medical condition, unique disabilities, and poor prognosis if he should remain in custody constitute "extraordinary and compelling reasons" warranting the requested reduction. The defendant would not, however, be subject to complete release, as he would begin serving the three-year term of supervised release previously imposed by the Court.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s/ Robert B. Sobelman
      Nicolas Roos
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-2421/2616

Cc: Cesar de Castro, Esq. (by ECF)
     David DeStefano, Esq. (by ECF)

3